*147 OPINION.
Disney :
The deficiency involved herein was determined against the Fidelity-Bankers Trust Co. as trustee for the Fidelity Realty Co. No determination was made against the Fidelity-Bankers Trust Co. in its individual capacity and the Board has no jurisdiction as to it. Accordingly the proceeding is dismissed in so far as it relates to the Fidelity-Bankers Trust Co. in its individual capacity. E. N. & O. M. Ennis, 21 B. T. A. 406.
The petitioner contends that the Fidelity Realty Co. had no existence in fact, arguing that the designation was merely a loose term to describe the parties who had subscribed to the fund; that the income from the property constituted earnings of the Trust Co., as the equitable owner of the property of the syndicate; that the certificates issued to the subscribers for the amount of their paid-in subscriptions were nothing more than receipts given as evidence of a promise to pay a specified amount of interest at stated intervals, and, in general, that the agreement created the relationship of borrower and lender between the Trust Co. and the certificate holders.
The evidence of record establishes beyond doubt that the parties to the organization did adopt a name for their venture and subsequently recognized their act. A group formed to carry on a business venture may not avoid being classed as an association, taxable as a corporation, by failing to select an official name under which to conduct the activities of their organization. Helvering v. Combs, 296 U. S. 365.
The purpose of the group is determined by the instrument they signed. Helvering v. Coleman-Gilbert Associates, 296 U. S. 369. The agreement shows the formation of an organization to engage in the business of acquiring, encumbering, leasing, and selling property belonging to or thereafter acquired by the Trust Co., with a central form of management controlled through transferable certificates evidencing ownership of beneficial interests; limited liability of participating members; and a continuation of the enterprise uninterrupted by death of a certificate holder or by transfer of ownership of beneficial interests. These terms of the agreement are characteristic of an association under the guides set forth in Morrissey v. Commissioner, 296 U. S. 344. The fact that the venture was to terminate on a specified date or could be terminated prior thereto, is not determinative of the question. Swanson v. Commissioner, 296 U. S. 362.
The terms of the agreement were broad enough to permit the syndicate to acquire from the Trust Co. for the purpose of the enterprise, property other than real estate obtained through foreclosure proceed *148 ings. The only limitation upon the right was that the acquisition be property then owned or thereafter acquired by the Trust Co. This broad power gave the syndicate a wide range within which to exercise its activity. That one of the dominating purposes of the organization was profit is definitely shown by the provision of the agreement guaranteeing the participating members an annual return of 6 percent on the face value of their certificates of beneficial interest. This was a minimum and maximum return to the certificate holders. If the earnings of the syndicate exceeded such an amount, the excess was distributable to the Trust Co. as profits. The activities of the pool were in pursuance of the agreement signed. Considering both the purpose expressed in the agreement and the activities of the syndicate, as above set forth in our findings of fact, we conclude and hold that the respondent did not err in holding the petitioner to be an association taxable as a corporation.
During the taxable years the earnings of the syndicate were insufficient to give the certificate holders a return of 6 percent on their investments, and as a result the Trust Co. paid to the trustee for the syndicate under its guarantee to the certificate holders amounts equal to the deficiencies. The consideration cited in the agreement of October 20, 1931, for the payments made by the Trust Co. was the right of the Trust Co. to annual profits of the syndicate exceeding 6 percent of the paid-in subscriptions. The respondent treated the amounts so received from the Trust Co. as gross income of the syndicate. The amounts were paid to the trustee for the certificate holders under an obligation running directly from the Trust Co. to the certificate owners. The amounts do not constitute taxable income of the syndicate. New England Power Co., 25 B. T. A. 195. On this issue the respondent is reversed.
The respondent imposed a penalty of 25 percent because of the failure of the syndicate to file a return within the time prescribed by law. The imposition of a 25 percent penalty is mandatory in case a taxpayer fails to file a return. Douglas L. Edmonds, Administrator, 31 B. T. A. 962; affd., 90 Fed. (2d) 14; Scranton, Lackawanna Trust Co., Trustee, 29 B. T. A. 698; affd., 80 Fed. (2d) 519; certiorari denied, 297 U. S. 723. If we could treat the fiduciary return filed by the Trust Co. as trustee for the syndicate as a return of the petitioner, the answer would not be different. It does not appear that such return was filed within the time provided for by statute and no evidence was offered to establish that the failure to file the return at such time was due to reasonable cause or not due to willful neglect. The imposition of the 25 percent penalty was proper and is sustained.
Keviewed by the Board.

Decision will be entered under Rule 50.