BLENHEIM COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95026.   Promulgated November 15, 1940.

*Thomas F. Boyle, Esq.*, for the petitioner.
*B. M. Brodsky, Esq.*, for the respondent.

## OPINION.

LEECH: The correctness of both contested deficiencies depends upon whether petitioner has perfected its right to certain asserted deductions. *New Colonial Ice Co. v. Helvering,* 292 U. S. 435.

The petitioner was a foreign corporation. Section 233 of Title I of the Revenue Act of 1934, controlling here, provides:

A foreign corporation shall receive the benefit of the deductions and credits allowed to it in this title only by filing or causing to be filed with the collector a true and accurate return of its total income received from all sources in the United States, in the manner prescribed in this title; including therein all the information which the Commissioner may deem necessary for the calculation of such deductions and credits.

Was the so-called normal tax return filed by petitioner on Form 1120 a sufficient compliance with section 233 to entitle petitioner to the deductions therein claimed? We think not.

Undoubtedly a taxpayer may litigate a determination of respondent on the basis of a return made by the latter under section 3176 of the Revised Statutes. But, a "return" filed by a taxpayer after such a return has been prepared and filed for him by respondent, under the circumstances existing here, is a nullity and does not comply with section 233, *supra.* The taxpayer can not thus take advantage from an alleged return submitted by the taxpayer not only after the respondent's filing of its return under section 3176, but also after the issuance of a notice of deficiency. *Taylor Securities, Inc.,* 40 B. T. A. 696; *Sarah Briarly,* 29 B. T. A. 256; *Joe Goldberg,* 14 B. T. A. 465; *Theodore R. Plunkett,* 41 B. T. A. 700. Cf. *Del Mar Addition v. Commissioner,* 113 Fed. (2d) 410. The case of *Anglo-American Direct Tea Trading Co., Ltd.,* 38 B. T. A. 711, does not aid petitioner, since it held only that a return filed *before* the determination of a deficiency was sufficient compliance with section 233. Moreover, in that case, the return filed by the revenue agent was never accepted by the Commissioner, and the taxpayer's delinquent return was made the subject of an audit by respondent. In the *Taylor* case, *supra,* the Board held that these facts distinguished the *Anglo-American* case.

Was petitioner's timely personal holding company surtax return on Form 1120 H a compliance with section 233, *supra,* sufficient to entitle it to the deduction of dividends received from domestic corporations subject to tax, in the computation of its normal tax? We think not.

Respondent did not prepare and file the normal tax return for the petitioner until after a failure of compliance with his repeated requests to the petitioner to file such a return.

Clearly, the normal and surtax here in dispute are separate and distinct taxes. Revenue Act of 1934, Title I, Title I–A; *Taylor Securities, Inc., supra.* The revenue act undoubtedly contemplates the filing of separate returns for these taxes. Secs. 52, 53, 54, and 351 of the

Revenue Act of 1934. *Collateral Mortgage & Investment Co.*, 37 B. T. A. 630; *Rotorite Corporation*, 40 B. T. A. 1304; *Noteman* v. *Welch*, 108 Fed. (2d) 206; *Taylor Securities, Inc., supra.* That being so, it would seem obvious that our decision on the first question would conclude the petitioner here. Moreover, it seems to us to be the plain intendment of section 233 that a normal tax return on Form 1120 is required to be filed in order to secure deductions from income subject to normal tax, especially because the section specifies a "true and accurate return" filed "in the manner prescribed in this title." That can relate only to the normal tax return, Form 1120, required by section 53. The personal holding company return, Form 1120 H, does not contain all the information which the Commissioner "deems necessary" for the calculation of deductions and credits in respect of normal tax liability. For instance, there is no requirement in a Form 1120 H return of the schedule "Reconciliation of Net Income and Analysis of Changes in Surplus," nor is there provision for the schedule "Balance Sheets." Form 1120 H requires only 14 basic items, while Form 1120 requires approximately 25. Thus, the one return filed by petitioner is insufficient for normal tax purposes, and the sanction provided by section 233 must be applied. *Gladstone Co., Ltd.*, 35 B. T. A. 764.

Did the timely personal holding company surtax return entitle the petitioner to deduct from its income subject to surtax the amount of its capital losses disallowed by section 117 (d) and included, as such, in that return? We think it did.

It is stipulated that the income set out on the personal holding company surtax return on Form 1120 H was correct and that the correct amount of the "losses from sale or exchange of capital assets (disallowed by section 117 (d) of the Revenue Act of 1934)" and thus deductible in the computation of the surtax was in an amount exceeding that claimed on the personal holding company surtax return on Form 1120 H. However, despite those facts, respondent contests the deductibility of any amount for such losses. He argues that section 233 applies to the surtax provisions which are contained in the separate Title I-A, by reason of section 351 (c), which reads:

All provisions of law (including penalties) applicable in respect of the taxes imposed by Title I of this Act, shall insofar as not inconsistent with this section, be applicable in respect of the tax imposed by this section, * * *.

His position then is that petitioner has not complied with the provisions of section 233, *supra*, in that the personal holding company surtax return, on Form 1120 H, was not "a true and accurate return of * * * [petitioner's] total income received from all sources in the United States, in the manner prescribed in this title; including therein all the information which the Commissioner may deem necessary for the calculation of such deductions and credits" as are

here disputed. He argues that the schedules contained in the personal holding company surtax return do not provide for information sufficient to calculate the deduction now contested, and that the scheme of returns formulated by the respondent contemplates the filing of both forms so that information contained in the normal tax return may be used to supplement and emphasize the items required in the personal holding company surtax return, the first return on Form 1120 and the second on Form 1120 H.

Respondent complains specifically that the personal holding company tax return discloses no data which would enable him to determine whether petitioner falls within the characterization of a personal holding company and that there is no breakdown of the item "Net income (as defined in Title I of the Revenue Act of 1934)" and no breakdown of the item "Losses from sale or exchange of capital assets", so that audit of such figures is impossible.

Respondent can hardly complain of any difficulty in determining whether petitioner is a personal holding company within the act when petitioner has filed a return which admits that it is such a company and upon that basis respondent has determined a liability against it for surtax, and, so far as the impossibility of making an audit is concerned, respondent had it in his power to require petitioner to produce books and records in support of the facts appearing on the return. Sec. 54, Revenue Act of 1934. We refuse to hold that, in order to obtain any deductions in the computation of its surtax, petitioner must have filed a timely normal tax return on Form 1120, as well as a personal holding company surtax return on Form 1120 H, both of which must satisfy section 233, *supra*. We know of no authority requiring such a conclusion. Petitioner filed a timely personal holding company surtax return, on the form approved, and issued for that purpose by the respondent. That return was complete and substantially correct. We conclude that this return contained, for the purposes of section 233, *supra*, "all the information which the Commissioner may deem necessary for the calculation of such deductions and credits" as are material to the computation of the surtax. See section 233, *supra*.

Respondent is sustained in his determination of a deficiency in normal tax, but reversed in his determination that petitioner is liable for surtax as a personal holding company. The deficiency in normal tax will be increased in recomputation under Rule 50, since the parties have stipulated that petitioner's income from sources within the United States shall be increased by the sum of $677.65, representing the profit from the sale of Pacific Gas & Electric Co. stock which respondent failed to include in petitioner's taxable income.

Respondent is sustained in his imposition of a 25 percent delinquency penalty, since petitioner did not file a timely normal tax return. *Taylor Securities, Inc., supra.*

*Decision will be entered under Rule 50.*