*Decisions will be entered under Rule 50.*

FIDES, A. G., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102738. Promulgated July 7, 1942.

*Robert T. Woodruff, Esq.,* for the petitioner.
*L. A. Spalding, Esq.,* for the respondent.

## OPINION.

LEECH: Petitioner contends that it is not subject to the provisions of section 351 of the Revenue Act of 1936, *supra*, because of the fact

that all of its stockholders are nonresident aliens who would not be subject to surtax by the United States on any dividend distributions made to them by petitioner.

It is argued that the intent and purpose of Congress in the enactment of that section was to force distributions of earnings by personal holding companies so that surtax might be laid upon and collected from such distributions upon their receipt by the stockholders. Upon this premise it is urged that the application of this section to a corporation whose stockholders are not subject to surtax is to extend the meaning of the section beyond the Congressional intent.

Petitioner admits that it is within the definition of a personal holding company, as set out in subsection 351 (b) (1), *supra*, because (1) its earnings are of the character there specified and (2) more than 50 percent of its capital stock was owned during the described period by not more than five individuals. It is obvious, concededly so, that petitioner is included in the unrestricted purview of "any corporation" as provided by that subsection. In short, petitioner in effect admits it is within the taxed class if the language of the statute is controlling. It is urged, however, that in order to stay within the manifest purpose and policy of the legislation, as established by its history, the term "any corporation" must be construed to mean "any corporation whose stockholders would be subject to surtax on distributed corporate earnings." It is contended that the ascertainment of the Congressional intent by reference to the history and purpose of the legislation which points to this construction, is justified by reason of the injustice and hardship of a literal application of the statute. Such application places on a foreign corporation, which could have no purpose in its organization or operation of avoiding surtax upon its nonresident foreign stockholders, a burden greater than that imposed on one organized and operated for that purpose.

It is undoubtedly true that the literal application of section 351 in the present situation is harsh. Despite that harshness we do not feel justified, in view of the plain and unambiguous language of that section, to restrict its meaning. As the Supreme Court announced in *Caminetti* v. *United States*, 242 U. S. 470, that language "* * * must be taken as the final expression of legislative intent and * * * [is] not to be added to or subtracted from by considerations drawn from titles or designating names or reports accompanying their introduction, or from any extraneous source." See also *Phanor J. Eder*, 47 B. T. A. 235.

Moreover, although the question has not been presented upon similar facts before, we have had occasion to consider the propriety of a literal application of section 351, *supra*, in the face of an attack upon the ground of harshness of result. In each such instance we refused to restrict the construction of "any corporation." Thus, in

*O'Sullivan Rubber Co.*, 42 B. T. A. 721, we held that section 351 included a dissolved corporation in process of liquidation. In affirming the decision, the Court of Appeals for the Second Circuit said (120 Fed. (2d) 845):

> Being a corporation for the purpose of Title I, petitioner is also one for the purpose of Title IA, which imposed the personal holding company surtax in issue here. Section 351 refers to "any corporation" and by section 351 (b) (4) this term "shall have the same meaning as when used in Title I." Petitioner does not suggest, nor can we find, any justification in the language for exempting it under Title IA without also exempting it under Title I.

Our decisions in *Foley Securities Corporation*, 38 B. T. A. 1036 (affd., C. C. A., 8th Cir., 106 Fed. (2d) 731), and *Porto Rico Coal Co.*, 44 B. T. A. 221 (affd., C. C. A., 2d Cir., 126 Fed. (2d) 213), approved the literal application of this statute despite the harshness of the result. So, in the last cited case a foreign corporation was held to be a personal holding company under the definition of the statute and subject to the provisions of that section with respect to its income from sources within the United States although, by reason of losses incurred in its foreign business, it sustained a net operating loss for that year and had no net current income to distribute.

In support of its position petitioner cites T. D. 4791, C. B. 1938–1, p. 83, amending Regulations 94 to accord with changes effected in the 1936 Act by the Revenue Act of 1937. However, the cited change in the regulations is expressly there made effective only for years subsequent to 1936. The basis for that amendment was subsection 352 (b) of Title IA of the Revenue Act of 1937, which changed, as of that year, the definition of personal holding companies to include within those companies excepted from surtax a foreign personal holding company situated as was the petitioner here.

That subsection reads:

> (b) EXCEPTIONS.—The term "personal holding company" does not include * * * or, except with respect to a taxable year ending on or before the date of the enactment of the Revenue Act of 1937, a foreign personal holding company, as defined in section 331.³ [Footnote ours.]

---

³ SUPPLEMENT P—FOREIGN PERSONAL HOLDING COMPANIES

SEC. 331. DEFINITION OF FOREIGN PERSONAL HOLDING COMPANY.

(a) GENERAL RULE.—For the purposes of this title and of Title IA the term "foreign personal holding company" means any foreign corporation if—

(1) GROSS INCOME REQUIREMENT.—At least 60 per centum of its gross income (as defined in section 334 (a)) for the taxable year is foreign personal holding company income as defined in section 332; but if the corporation is a foreign personal holding company with respect to any taxable year, then, for each subsequent taxable year, the minimum percentage shall be 50 per centum in lieu of 60 per centum, until a taxable year during the whole of which the stock ownership required by paragraph (2) does not exist, or until the expiration of three consecutive taxable years in each of which less than 50 per centum of the gross income is foreign personal holding company income. For the purposes of this paragraph there shall be included in the gross income the amount includible therein as a dividend by reason of the application of section 334 (c) (2) ; and

The Revenue Act of 1937 was enacted August 26, 1937. Clearly the quoted provision, in so far at least as it affects petitioner, was new legislation affecting only taxable years beginning on and after that date, and may not be applied retroactively. *Schwab* v. *Doyle*, 258 U. S. 529; *Smietanka* v. *First Trust & Savings Bank*, 257 U. S. 602.

In the light of the above cited decisions and the unambiguous language of subsection 351 (b) (1), we must and do hold the petitioner liable to the contested surtax as a personal holding company under section 351 (a) of the Revenue Act of 1936.

In view of that conclusion, supplemented by the facts that the required return was not filed until long after the expiration of the period fixed by the act and the absence of evidence of reasonable cause for the delay, respondent is sustained in the imposition of a delinquency penalty of 25 percent. Revenue Act of 1936, secs. 291 and 351 (c). Likewise, we approve respondent's action in denying deductions and credits in computing petitioner's net income from sources within the United States for purposes of the surtax. Revenue Act of 1936, secs. 233 and 351 (c). Respondent has determined that the belated return did not contain the information required by section 233, *supra*. Neither is that return in evidence nor is there other proof indicating error in respondent's determination that such return was thus faulty. Cf. *Taylor Securities, Inc.*, 40 B. T. A. 696.

Since the stipulation provides that certain corrections be made in the computation of net income for purposes of the surtax,

*Decision will be entered under Rule 50.*

(2) Stock ownership requirement.—At any time during the taxable year more than 50 per centum in value of its outstanding stock is owned, directly or indirectly, by or for not more than five individuals who are citizens or residents of the United States, hereinafter called "United States group".

(b) Exceptions.—The term "foreign personal holding company" does not include a corporation exempt from taxation under section 101.