Margaret HACKLEMAN, Plaintiff,

v.

Ralph C. GRANQUIST, District Director
of Internal Revenue for the District
of Oregon, Defendant.

Civ. No. 8817.

United States District Court
D. Oregon.

Jan. 7, 1957.

De Armond, Goodrich, Foley & Gray,
Richard H. M. Hickok, Bend, Or., for
plaintiff.

C. E. Luckey, U. S. Atty., Edward J.
Georgeff, Asst. U. S. Atty., Portland,
Or., John J. Sexton, Jr., Walter B. Lang-
ley, Asst. Attys., Dept. of Justice, Tax
Division, Washington, D. C., for defend-
ant.

EAST, District Judge.

This matter is before the Court upon,
first, an order herein requiring the de-
fendant to show cause, if any there be,
why the temporary restraining order
heretofore entered herein, pendente lite,
enjoining defendant, as Director, from
issuing and serving a distraint warrant
against the plaintiff or the Estate of one
Abe Hackleman should not be continued,
and, second, the defendant's Motion to
dismiss the above entitled cause.

Plaintiff is the Executrix of the Es-
tate of Abe Hackleman, deceased, and
appears herein for herself and as such
Executrix, and seeks a declaration that
the hereinafter referred to assessment
of addition to tax by the defendant and
the lien created thereby null and void.

It appears from the records and files
herein, assumed for the purposes of the
above matters to be true, that on June
5, 1956, the plaintiff filed income tax re-
turns for herself and the Estate of Abe
Hackleman for the years 1953 and 1954.

On June 6, 1956, defendant assessed
an addition to the tax (approximately
$2,000) by virtue of Section 291 of the
Internal Revenue Code of 1939,[1] and Sec-

1. Sec. 291. Internal Revenue Code of
1939, 26 U.S.C.A. § 291.

(a) "In case of any failure to make
and file return required by this chapter,
within the time prescribed by law or

prescribed by the Commissioner in pur-
suance of law, unless it is shown that
such failure is due to reasonable cause
and not due to willful neglect, there
shall be added to the tax: 5 per centum

tion 6651 of the Internal Revenue Code of 1954.[2] Defendant demanded payment thereof within ten days. Defendant subsequently filed a notice of levy with the Clerk of Crook County, Oregon, constituting a lien against the real property of the Estate of Abe Hackleman.

■ The question is whether a delinquency penalty is a "deficiency" within the meaning of Section 272(a) (1) of the Internal Revenue Code of 1939,[3] and/or Section 6659 of the Internal Revenue Code of 1954.[4] If such penalties are deficiencies the 90 day letter is required and the injunction prayed for should be granted. If the delinquency penalties are not deficiencies there need be no 90 day letter and the injunction prayed for would not lie.

The 1939 Code Section 291 (see footnote 1) was in essence the same as the 1954 Code Section 6651 (see footnote 2) with the exception that Section 291 had the following additional language:

"The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount

---

if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3612(d) (1)."

2. Sec. 6651, Internal Revenue Code of 1954, 26 U.S.C.A. § 6651.

   (a) Addition to the tax. "In case of failure to file any return required under authority of subchapter A of chapter 61 * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate."

3. Sec. 272(a) (1), Internal Revenue Code of 1939, 26 U.S.C.A. § 272(a) (1).

   "If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the de-

ficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court * * *."

4. Sec. 6659 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6659.

   "(a) Additions treated as tax.—Except as otherwise provided in this title—

   "(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes;

   "(2) Any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

   "(b) Additions to tax for failure to file return or pay tax.—Any addition under section 6651 or section 6653 to a tax imposed by another subtitle of this title shall be considered a part of such tax for the purpose of applying the provisions of this title relating to the assessment and collection of such tax (including the provisions of subchapter B of chapter 63, relating to deficiency procedures for income, estate, and gift taxes)."

so added shall be collected in the same manner as the tax."

However, in the 1954 Code this language was carried over in Section 6659 (see footnote 4) but with the additional language that clearly states that any addition to tax under Section 6651 shall be considered a deficiency.

There are no cases on this point insofar as the 1954 code is concerned. There are two conflicting cases on the point insofar as the 1939 code is concerned.

In Appeal of Cheney D. Washburn, 7 B.T.A. 483, it was held that a delinquency penalty was to be assessed as a deficiency in tax. However, in United States v. Erie Forge Co., 3 Cir., 191 F.2d 627, 630, it was held that when only a penalty was involved under section 291, it was not necessary for the Internal Revenue Service to issue a 90 day letter.

The Court in the Erie Forge case, in construing section 291, laid great stress on the language contained therein that the "amounts so added shall be collected in the same manner as the tax." The Court said, in determining the legislative intent:

"It is inconceivable to us that Congress could have intended the section to expressly provide one method of collection for these penalties and then to stultify itself by describing them in such terms as to require reference to another section for a different method of collection."

While the language used in the 1939 code would strongly indicate that a penalty under section 291 would not be a "deficiency," when read in connection with the 1954 code, a doubt clearly arises as to the legislative intent. As pointed out in Davis v. Dudley, D.C., 124 F.Supp. 426, 428 (while holding a penalty under section 294(d) of the 1939 code to be a deficiency):

"Hence, in the absence of unequivocal language to the contrary, such as is contained in § 291, we think that this type of penalty should be construed as a deficiency in order

that the judgment of the Commissioner may be tested by the Tax Court as a safeguard against erroneous assessments and compulsory payment pending final decision."

At this point the Court directs attention to its footnote number 5, which reads as follows:

"In this connection it is interesting to note that in the Internal Revenue Code of 1954, in two sections (6651 and 6653) where the imposition of penalties likewise depends upon the exercise of judgment, collection thereof is by way of deficiency procedure and not in the manner of collecting taxes; see § 6659." (See footnote 4)

Section 6651 of the 1954 Code, as pointed out earlier, is the counterpart of Section 291 of the 1939 Code. While it is thus clear that under the 1954 Code the penalties assessed under Section 6651 for additions to taxes are "deficiencies" there remains the question of whether there was a change in the law by virtue of the 1954 Code.

Plaintiff contends that the conflict in decisions was due to the "vague language" of the 1939 Code and hence the new wording in Section 6659 of the 1954 Code to clarify the legislative intent. Plaintiff contends there was no change in the law.

At page 4568, 1954 U.S.Code and Cong. and Adm. News, the following appears regarding Section 6659:

"This section provides that the addition to the tax, additional amounts, and penalties provided by chapter 68 shall be assessed; collected, and paid in the same manner as taxes, except where otherwise specifically provided in another section of this title. *This conforms to the rules under existing law.* (Emphasis ours.) By virtue of this section, it is unnecessary in other parts of the title to specifically refer to these additions to the tax when providing rules as to collection, assessment, etc., of taxes. This section

also makes clear that the procedures for the assessment of deficiencies in income, estate and gift taxes (including 90-day letters and appeal to the Tax Court) also apply to additions to those taxes.".

It is defendant's contention that the Erie Forge decision was part of existing law and that if the 1954 Code did not change existing law, then the rule of the Erie Forge case must also apply to the 1954 Code.

It would appear that the language in Section 6659 of the 1954 Code, in effect, construes and clarifies the language used in Section 291 of the 1939 Code and therefore should be accepted as a declaration by Congress of the spirit and meaning of the 1939 Code as well as the 1954 Code.

While not specifically binding upon the defendant, it appears that in the following cases the propriety of penalties similar to the insant case was presented to the Tax Court by the issuance of a notice of deficiency as is requested by the taxpayer in this case: Fides v. Commissioner of Internal Revenue, 1942, 47 B.T.A. 280, affirmed 4 Cir., 137 F.2d 731; Ross v. Commissioner of Internal Revenue, 1941, 44 B.T.A. 1; Taylor Securities, Inc., v. Commissioner of Internal Revenue, 1939, 40 B.T.A. 696; Groves v. Commissioner of Internal Revenue, 1938, 38 B.T.A. 727; Fidelity Bankers Trust Co. v. Commissioner of Internal Revenue, 1928, 37 B.T.A. 142; Pioneer Automobile Service Co. v. Commissioner of Internal Revenue, 1937, 36 B.T.A. 213; Blenheim Co. v. Commissioner of Internal Revenue, 1940, 42 B.T.A. 1248, affirmed 4 Cir., 125 F.2d 906; thereby indicating an acknowledged distinction between the factual situation of like cases with the instant case, and the peculiar factual situation of Erie Forge Company.

Furthermore, this Court feels that the plaintiffs are entitled to an administrative determination as to whether or not their failure to file a timely tax return was "due to reasonable cause and not due to willful neglect."

Therefore, the Court concludes that the temporary restraining order, pendente lite, aforesaid, should be continued and that the motion of the defendant to dismiss the above entitled cause should be denied. The defendant is allowed thirty days within which to answer plaintiff's complaint on its merits or submit the cause on plaintiff's prayer for permanent relief as prayed for upon the record.

Counsel for plaintiff is requested to submit appropriate order in conformity with the foregoing.