JESUS A. FLOREZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Florez v. Commissioner
Docket No. 22968-93
United States Tax Court
T.C. Memo 1995-358; 1995 Tax Ct. Memo LEXIS 358; 70 T.C.M. (CCH) 267; August 1, 1995, Filed *358 For petitioner: David Leeper. For respondent: Joni D. Larson. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This matter is before the Court on Petitioner's [1] Motion for Award of Reasonable Administrative Costs under section 7430[2] and Rule 231. A decision document was entered on October 28, 1994. Petitioner filed a motion for an award of reasonable administrative costs in the total amount of $ 28,285.54 on November 29, 1994. [3] This Court vacated the decision document pending our action on this motion. *359 Section 7430 provides that a prevailing party may be awarded a judgment for reasonable administrative and litigation costs. See also Rule 231. In order for this Court to award reasonable litigation and administrative costs under section 7430, an individual taxpayer must meet the following seven requirements: 1. File a timely motion for an award of reasonable litigation and administrative costs. Rule 231(a). 2. Substantially prevail in the proceeding in this Court with respect to the amount in controversy or most significant issues. Sec. 7430(c)(4)(A)(ii). 3. Establish that he or she did not unreasonably protract the administrative proceeding or the proceeding in this Court. Sec. 7430(b)(4). 4. Establish that respondent's positions in the administrative proceeding and the proceeding in this Court were not substantially justified in law or in fact. Sec. 7430(c)(4)(A)(i), (7)(A) and (B); Pierce v. Underwood, 487 U.S. 552, 564-565 (1988); Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds, and remanding T.C. Memo. 1991-144; Powers v. Commissioner, 100 T.C. 457, 470 (1993). *360 5. In the case of a motion for litigation costs, exhaust any administrative remedies available in the Internal Revenue Service. Sec. 7430(b)(1). 6. Have a net worth that did not exceed $ 2 million at the time the petition was filed in the case. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). 7. Establish that the requested costs and attorney's fees are reasonable in amount. Sec. 7430(a), (c)(1) and (2). The seven requirements are conjunctive; each of the applicable requirements must be met before the Court may order an award of litigation or administrative costs under section 7430. Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Han v. Commissioner, T.C. Memo. 1993-386. Petitioner has the burden of proof with respect to each and every requirement. Rule 232(e); Welch v. Helvering, 290 U.S. 111, 115 (1933); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). Petitioner's motion for award of costs was timely filed. Respondent has conceded (1) that *361 petitioner has substantially prevailed with respect to the amount in controversy; and (2) that petitioner has exhausted the administrative remedies available within the Service. At issue is (1) whether respondent's positions in the administrative and Court proceedings were substantially justified; (2) whether petitioner did not unreasonably protract the Court proceedings; (3) whether petitioner has complied with the net worth requirement; and (4) whether the requested costs and attorney's fees are reasonable. Substantial Justification of Respondent's Position
Petitioner must prove that respondent's positions in the administrative proceeding and the proceeding in this Court were not substantially justified. Sec. 7430(c)(4)(A)(i), (7)(A) and (B); Huffman v. Commissioner, supra at 1143-1147. This "not substantially justified" standard under section 7430 is applied as of the separate dates respondent took positions in the administrative proceeding and the proceeding in this Court. Sec. 7430(c)(7)(A) and (B); id.; see also Caparaso v. Commissioner, T.C. Memo. 1993-255. For purposes of the administrative proceeding, *362 respondent took a position on September 16, 1993, the date of the notice of deficiency. Sec. 7430(c)(7)(B). For purposes of the proceeding in this Court, respondent took a position on November 26, 1993, the date she filed her answer. Huffman v. Commissioner, supra at 1148. In determining if respondent's position was substantially justified, the question essentially is one of whether respondent's position in the administrative and judicial proceedings was reasonable.[4]Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685 (1990). Whether the respondent's position was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). To satisfy his burden, petitioner must show that legal precedent does not substantially support respondent's position given the facts available to respondent. Rule 232(e); Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 688. *363 The mere fact that respondent concedes the case does not automatically mean that her position in the civil proceeding was unreasonable. Baker v. Commissioner, 787 F.2d 637, 642 (D.C. Cir. 1986), vacating and remanding 83 T.C. 822 (1984). We will consider the basis for respondent's position and the manner in which the position was maintained. Petitioner is a *364 nonresident alien who lives in Mexico City, Mexico. He owns several pieces of residential and commercial real estate in El Paso, Texas. Petitioner received rental income from these properties during the taxable years 1988, 1989, 1990, 1991, and 1992. Petitioner sold real estate located in El Paso, Texas, in 1989 on an installment basis, receiving capital gain income in the taxable years 1989, 1990, and 1991. Petitioner also received imputed interest income in 1990 from loans to Alfer Corporation. A nonresident alien individual who is engaged in trade or business in the United States at any time during the taxable year is required to file a return on Form 1040NR. Sec. 6012; Sec. 1.6012-1(b), Income Tax Regs. A calendar year nonresident alien individual must file a return by June 15 following the close of the calendar year. Sec. 6072(c). Petitioner, who was engaged in a United States trade or business on a calendar-year basis, failed to file income tax returns for the taxable years 1988, 1989, 1990, 1991, and 1992 on a timely basis as required by section 6072(c). Petitioner's agent filed a Form 1040NR on behalf of petitioner for each of the taxable years 1988, 1989, 1990, 1991, and *365 1992 on July 13, 1993. These returns were not signed by petitioner; instead, they were signed by his accountant. These returns were not accompanied by a power of attorney. Petitioner submitted a second set of returns for the taxable years at issue on November 8, 1993; this second set of returns was signed by petitioner. Respondent's positions on the date of the notice of deficiency and on the date she filed her answer were substantially similar. [5] Respondent determined that petitioner was not entitled to the benefit of deductions and credits pursuant to section 874 for having failed to file timely and valid returns for the taxable years 1988, 1989, 1990, 1991, and 1992. We analyze the legal precedent to determine whether respondent's position was reasonable, given the facts. *366 Section 874 provides that a nonresident alien individual shall receive the benefit of the deductions and credits allowed to him only by filing or causing to be filed a true and accurate return, in the manner prescribed in Subtitle F. Sec. 6001, et seq.
The regulations under section 874 further elaborate the rules for the disallowance of deductions and credits for a nonresident alien taxpayer who fails to file returns. The regulations under section 874 were amended in 1990, so that two different versions of the regulations apply to the years at issue here. The new regulations, which apply to taxable years ending after July 31, 1990, govern the taxable years 1990, 1991, and 1992 in the present case. The old regulations govern the taxable years 1988 and 1989 in the present case. Petitioner's 1990, 1991, and 1992 Returns
With regard to the 1990, 1991, and 1992 tax returns, it is respondent's position that petitioner was not entitled to the benefit of deductions in those years because he did not file timely returns as required by the new section 874 regulations. Under the new section 874 regulations, a nonresident alien is required to file a "timely" return to receive the benefit *367 of deductions and credits. Sec. 1.874-1(a), Income Tax Regs. For purposes of section 874, if a return was required for the preceding taxable year but has not been filed, a return for the current year is "timely" if it is filed within 16 months after the due date set forth in section 6072 and before the Internal Revenue Service mails a notice to the nonresident alien individual advising the nonresident alien that the current year's return has not been filed and that no deductions or credits may be claimed by the nonresident alien individual. Sec. 1.874-1(b)(1), Income Tax Regs. Respondent sent notice to petitioner on August 2, 1993, advising him that he could not claim the deductions. Thus, petitioner's 1990, 1991, and 1992 tax returns, to be considered timely filed, would have had to have been filed by October 15, 1992, August 2, 1993, and August 2, 1993, respectively. Petitioner did not file any returns before October 15, 1992; thus, his 1990 return was not timely filed, and respondent's disallowance of deductions and credits for 1990 was certainly reasonable. With regard to petitioner's 1991 and 1992 returns, respondent maintained that the first set of returns filed (i.e., those *368 filed by petitioner's agent on July 13, 1993) was not a valid set of returns, [6] and, since the returns filed on November 8, 1993, were not timely under the new section 874 regulations, petitioner was not entitled to deductions and credits for the taxable years 1991 and 1992. *369 Section 6012 and the regulations prescribe rules that permit an agent to file a return on behalf of a nonresident alien individual. An agent of a nonresident alien may make a return on behalf of the nonresident alien principal if the agent has and submits with the return either an authorized power of attorney or a statement to the effect that, although the agent does not have a specific power of attorney to file a return for the individual, the return is being filed in accordance with the prescribed rules. Sec. 1.6012-1(b)(3), Income Tax Regs. The returns filed by petitioner's agent on July 13, 1993 did not satisfy these regulatory requirements. Petitioner contends, the section 6012 regulations notwithstanding, that the returns filed by petitioner's agent and not accompanied by a power of attorney are, nonetheless, valid returns and that respondent's position is therefore not substantially justified. Petitioner cites Miller v. Commissioner, 237 F.2d 830 (5th Cir. 1956), affg. in part, revg. in part, and remanding 28 T.C. 817 (1957). In Miller, the taxpayer did not sign his income tax returns; instead his wife had signed *370 the return on her husband's behalf. Miller, supra at 837. The court held that: * * * Where a return complete in form, signed in the taxpayer's name by one purporting to have authority and who actually had such authority, was filed, we find no basis for holding that this was no such return as would commence the running of the statute of limitations.
Miller, supra at 837. We find the present case to be factually distinguishable from Miller. The present case, unlike Miller, involves an American agent signing a return on behalf of a nonresident alien and the special requirements of section 874. [7] In light of the foregoing, we do not find that respondent's position with regard to the taxable years 1991 and 1992 was unreasonable. *371 Petitioner's 1988 and 1989 Returns
With regard to petitioner's 1988 and 1989 returns, it is respondent's position that petitioner is not entitled to deductions under section 874 in those years, for failure to file timely returns. The old section 874 regulations do not expressly contain a timely filing requirement. Petitioner cites Blenheim Co. v. Commissioner, 125 F.2d 906 (4th Cir. 1942), affg. 42 B.T.A. 1248 (1940), to show that respondent's position was not substantially justified. In Blenheim Co., a foreign corporation had failed to file the requisite corporate return, so the Commissioner disallowed deductions and credits pursuant to section 233 of the Revenue Act of 1934. [8]The foreign corporation did finally file a return, but only after the Commissioner had prepared a return for the foreign corporation and had issued a notice of deficiency. The Board of Tax Appeals held that the circumstances warranted the disallowance of the deductions. The Fourth Circuit affirmed, stating the following: Without prescribing an absolute and rigid rule that whenever the Commissioner files a return for a foreign corporation *372 the taxpayer is completely and automatically denied the benefit of deductions or credits, we yet hold that the facts of the instant case justify a disallowance of deductions which petitioner might otherwise have been entitled to claim, had it filed a timely return in compliance with the statutory requirement. (Emphasis in original.)
Blenheim Co. v. Commissioner, supra at 910. The Fourth Circuit recognized the importance of filing a timely return for the benefit of deductions but did not impose a rigid rule concerning the time when the Commissioner may disallow deductions to a foreign person. Petitioner's 1988 and 1989 returns were due on June 15, 1989, and June 15, 1990, respectively. It was not until 1993 *373 that any sort of return was filed on behalf of petitioner. [9] In light of the fact that petitioner filed his 1988 return more than 4 years after it was due and his 1989 return more than 3 years after it was due, we do not find respondent's position with regard to disallowing the benefit of deductions in the taxable years 1988 and 1989 unreasonable. Conclusion
Petitioner appears to complain of the harshness of section 874. We find petitioner's complaint to be without merit. The Commissioner faces many problems in trying to apply the Federal income tax to foreign persons. Blenheim, supra at 909. Unless a nonresident alien engaged in business in the United States advises the Commissioner *374 of his income and deductions, the Commissioner may never learn of the foreign person's existence and may be unable to determine the correct amount of his taxable income. In recognition of the "fertile danger" to the orderly administration of the income tax as applied to nonresident aliens engaged in business in the United States, Congress conditioned its grant of deductions upon the filing of true and accurate returns. Blenheim, supra at 909; Brittingham v. Commissioner, 66 T.C. 373, 408-409 (1976). In light of petitioner's failure to file timely returns for the taxable years 1988, 1989, 1990, 1991, and 1992, and the legal precedents, we cannot say that respondent's disallowance of petitioner's deductions in these years was unreasonable. Petitioner has not carried his burden of proving that the position of the United States was not substantially justified, and, as such, he is not entitled to reasonable litigation and administrative costs under section 7430. Accordingly, we need not reach the issues of: (1) Whether petitioner unreasonably protracted the proceeding; (2) whether petitioner complied with the net worth requirement; and (3) whether *375 the requested costs and attorney's fees are reasonable. Accordingly, petitioner's motion shall be denied. An appropriate order will be issued, and a decision will be entered. Footnotes
1. Petitioner, a nonresident alien doing business in the United States, lived in ColoniaNaucalpan, Mexico, at the time he filed his petition.↩
2. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. In Petitioner's Reply to Respondent's Response to an Award of Reasonable Litigation Costs, petitioner seeks an award for additional attorney's fees, incurred during the Court proceeding, in the amount of $ 6,050. Thus, we treat petitioner's motion as one for litigation as well as administrative costs.↩
4. For civil tax cases commenced after Dec. 31, 1985, sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed the language describing the position of the United States from "unreasonable" to "not substantially justified". This Court has held that the substantially justified standard does not represent a departure from the reasonableness standard. Sokol v. Commissioner, 92 T.C. 760, 763-764 n.7 (1989); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131↩ (5th Cir. 1988).
5. Petitioner filed a motion to produce the Revenue Agent's Report, a sworn statement, and the appellate conferee's transmittal letter. Said motion will be denied on the grounds that said documents are not relevant or necessary to establish respondent's position on the pertinent dates. The Revenue Agent's report predates both relevant dates. Furthermore, the positions of the respondent on the pertinent dates are clear from the record.↩
6. Petitioner contends that respondent, in her trial memorandum, conceded that the 1991 and 1992 returns were valid returns. Petitioner concludes that this concession is dispositive proof that respondent's position with regard to those years was not substantially justified. Respondent, in her response, alleges that the two sets of returns filed in this case led her to write down the wrong dates and to mistakenly concede this issue in the trial memorandum. We do not find this error in the trial memorandum to be a concession on the part of respondent. We also note that this concession would not, in any case, establish that the position was not substantially justified. See Guyan Oil Co. v. Commissioner, T.C. Memo. 1988-486↩.
7. Petitioner also cites Lombardo v. Commissioner, 99 T.C. 342 (1992), to show that respondent's position lacked substantial justification. The facts in Lombardo, however, are also distinguishable from those in the instant case. In Lombardo, the taxpayer never signed his return; an attorney signed the return on the taxpayer's behalf. Lombardo, supra at 354-355. However, the taxpayer signed a power of attorney (Form 2848) authorizing his attorney to represent him before the Internal Revenue Service, and this power of attorney was attached to the return filed by the agent. Lombardo, supra at 354-355. We therefore concluded that the taxpayer's return complied with the statutory and regulatory requirements for an agent filing an income tax return on behalf of a taxpayer. Lombardo, supra↩ at 357. We do not find that this case supports petitioner's contention that respondent's position with regard to the 1991 and 1992 tax years was unreasonable.
8. This statute, which has been carried forward into sec. 882(c)(2) of the 1986 Code, applies to foreign corporations that are engaged in business in the United States. It is the counterpart of sec. 874↩ which applies to nonresident aliens who carry on such a business.
9. Petitioner contends that his agent promised that returns were being prepared and would be filed shortly. In fact, no returns were received until July 1993, 2 months after this promise, and, even then, these returns did not satisfy the regulatory requirements of sec. 6012↩ with respect to the agent's authority to file them.