*488 OPINION.
GREEN:
The petitioner alleges as errors the following:
(1) That the Commissioner, in determining the deficiency in, or overassessment of, taxes for each of the fiscal years 1919 to 1922, inclusive, has erroneously credited against the tax liability of each of those years, the assessments made against this petitioner for the particular calendar year in which the fiscal year ended.
(2) Failure of the Commissioner to alloy? proper credits for the additional assessment of $574.91 for the taxable year 1918, and the asserted penalty of $1,065.58 for delinquency in filing the return for the year 1920.
The petitioner accepts as correct the tax liability for each of the fiscal years 1919 to 1923, inclusive, as determined by the Commissioner.
With respect to the first allegation of error, the petitioner contends that because of the Commissioner’s action in crediting against the correct tax liability of the fiscal years 1919, 1920, 1921, and 1922, respectively, the taxes assessed for the calendar years 1919, 1920, 1921, and 1922, he has been deprived of a credit of $1,661.31, which amount is one-half of the taxes originally assessed and paid by him on the basis of the return for the calendar year 1918. He further contends that a proper determination of the deficiency or overassessment for each of the fiscal years under consideration would result by crediting against the tax liability for each of the fiscal years one-half of the tax assessed for the calendar year immediately preceding that in which the fiscal year ends plus one-half of the tax assessed for the calendar year in which the fiscal year ends.
It appears that the petitioner’s contentions are based in part upon the false presumption that the returns for the taxable years 1919 to 1922, inclusive, were filed as calendar year returns. The evidence shows conclusively that those returns were filed as returns for fiscal years. The returns bear notations that they are fiscal year returns, and the income reported in each of them is the net income earned during the respective fiscal years. True, these returns were not filed until the due dates for filing calendar year returns, and the taxes shown thereon were computed at the rates prescribed for the calendar *489 years as set forth in our findings of fact. But these facts of themselves do not make these returns calendar year returns, but are indicative only of the delinquency of the petitioner in filing them and of the error of his computations of the taxes due.
In view of the foregoing we are constrained to hold that the Commissioner, in determining the deficiency in, or overassessment of, taxes for the fiscal years 1919 to 1922, inclusive, quite properly credited against the tax liability of each of those years, the taxes assessed on the original returns of the respective fiscal years.
But the petitioner contends that the Commissioner, in reaching a determination as to the overassessment for the fiscal year 1919, should have credited against the tax liability of that year, not only the taxes assessed with respect thereto, but also one-half of the taxes assessed on the return for the calendar year 1918, and that if this had been done the resulting overassessment for the taxable year 1919 would be greater than that which the Commissioner has determined, and the deficiency would be correspondingly less. Whether this be true or not, it raises a question which is without the jurisdiction of this Board, since, under the provisions of section 274(a) of the Revenue Act of 1926, the Board is without jurisdiction to change the Commissioner’s determination of overassessments for any year. Appeal of Cornelius Cotton Mills, 4 B. T. A. 255; Appeal of R. P. Hazzard Co., 4 B. T. A. 150; Jay N. Darling v. Commissioner, 4 B. T. A. 499.
With respect to the second issue raised by the petitioner, it is alleged that the Commissioner has failed to allow proper credits for the additional assessment of $574.91 for the taxable year 1918, and for the asserted penalty of $1,065.58 for delinquency in filing the return for the taxable year 1920. Whether or not proper credit has been allowed for the additional assessment of $574.91 with respect to 1918, is material only in determining whether or not there has been an overpayment of taxes for the short period January 1 to June 30,1918, which may be credited against the deficiency which the Commissioner has determined for the years under consideration. This too is a question as to which we are denied jurisdiction by the provisions of section 274(g) of the Revenue Act of 1926.
The additional assessment of $1,065.58, for the fiscal year 1920, is a penalty asserted by the Commissioner, under the provisions of section 3176 of the Revised Statutes, as amended by section 1317 of the Revenue Act of 1918, for delinquency in filing the return. Section 3176 of the Revised Statutes provides that the 25 per cent penalty to be added for delinquency in filing the return is to be collected at the same time and in the same manner and as a part of the tax. In computing the total tax liability for 1920, in the deficiency notice, the Commissioner did not include a penalty for *490 delinquency; consequently, we must take it for granted tbat tbe Commissioner has determined that the delinquency penalty should not be asserted. The only question, then, is: In computing the deficiency for 1920, should the Commissioner have taken into consideration and credited against the total tax liability, the amount previously assessed as a penalty? Undoubtedly the question should be answered in the affirmative. The penalty for delinquency is assessed, collected, and paid in the same manner as, and as a part of, the tax; and, therefore, when asserted, is assessed as a deficiency in tax. The term “deficiency” is defined in section 213 of the Revenue Act of 1926 as the amount by which the correct tax exceeds the tax shown on the return; but the tax shown on the return is to be first increased by any amounts previously assessed or collected without assessment as a deficiency, and decreased by amounts previously abated, credited, refunded, or otherwise repaid. The deficiency for 1920 is the amount by which the total tax shown in the deficiency notice exceeds the amount shown by the petitioner on its return, plus the amount previously assessed as a penalty. Since the Commissioner did not take into account the amount previously assessed as a penalty, and as said amount exceeds the deficiency shown in the deficiency notice, there is no deficiency for 1920.

Judgment will be entered after 15 days’ notice, under Rule 50.