**UNITED STATES v. ERIE FORGE CO.**

**No. 10409.**

United States Court of Appeals
Third Circuit.

Argued June 6, 1951.

Decided Sept. 28, 1951.

Irving I. Axelrad, Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Sp. Assts. to the Atty. Gen., Eward C. Boyle, Pittsburgh, Pa., on the brief), for petitioner.

W. Pitt Gifford, Erie, Pa. (Gifford, Graham, MacDonald & Illig, Erie, Pa., on the brief), for respondent.

Before GOODRICH and KALODNER, Circuit Judges, and MARSH, District Judge

KALODNER, Circuit Judge.

Is a delinquency penalty assessed by the Commissioner of Internal Revenue under Section 291 of the Internal Revenue Code [1] because of taxpayer's failure to file excess-profits tax returns as required by the Vinson Act [2] a "deficiency" under Section 271(a) of the Code,[3] rendering applicable the provisions of Section 272(a) of the Code? [4]

That is the primary issue presented by the instant appeal by the United States of America, plaintiff below, from an order of the District Court denying its motion for summary judgment and granting the defendant-taxpayer's motion to dismiss the complaint.

The District Court ruled as a matter of law that a delinquency penalty is a "deficiency" and that Section 272(a) was applicable as a result, and found as a fact that the Commissioner had failed to give the taxpayer a statutory notice of deficiency and opportunity to be heard by the Tax Court as provided by Section 272(a). It also held that a decision of the Tax Court, affirmed by this Court in another proceeding which will be subsequently discussed, represented a "final determination" of the taxpayer's liability for the penalties involved in this appeal.

The facts may be summarized as follows:

The taxpayer, Erie Forge Company, is a Pennsylvania corporation engaged in the manufacture of steel forgings, ingots and castings. During the six fiscal years (ending April 30th) from 1935 to 1940, inclusive, the taxpayer completed certain contracts entered into by it with the Secretary of the Navy. Under the Vinson Act, it was required to file annual reports of profits made on those contracts. Instead of filing for each year within the time required by the Code, taxpayer waited until April 30, 1941, when, for the first time, it filed with the Collector of Internal Revenue at Pittsburgh the annual reports of profits for the entire six year period. After these reports were filed, the Commissioner assessed the excess profits liability of $307,321.19 shown by the returns, together with interest of $20,848.69. These amounts had been remitted along with the returns and are not now in controversy. Then, because the reports had not been filed until 1941, the Commissioner, on August 30, 1941, assessed a delinquency penalty of $68,517.63, measured by the amounts shown on the returns, as provided in Section 291. On September 9, 1941, notice on behalf of the United States was given the taxpayer of the assessment of the penalty and demand was made for payment.

1. "§ 291. Failure to file return

"(a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. * * *" 53 Stat. 88, as amended, 26 U.S.C.A. § 291.

2. Act of March 27, 1934, c. 95, 48 Stat. 505, as amended, 34 U.S.C.A. § 496.

3. 26 U.S.C.A. § 271(a).

4. "§ 272. Procedure in general

"(a) (1) Petition to (Tax Court). If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the (Tax Court) for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the (Tax Court), until the decision of the (Tax Court) has become final. * * *" 53 Stat. 82, as amended, 26 U.S.C.A. § 272 (a).

No further action was taken by the Commissioner until March 31, 1943, when he issued a statutory notice of deficiency in tax for each of the years 1935 to 1940, inclusive, in the amount of $69,613.60 and, in the same notice, determined delinquency penalties thereon in the total amount of $17,245.22.[5] The statutory notice made no reference to the delinquency penalties (for failure to make timely reports) previously assessed on August 30, 1941, which are the subject of the instant litigation.

On June 29, 1943, the taxpayer filed a petition in the Tax Court to review the deficiency determination as stated in the March 31, 1943 statutory notice. In both its original and amended petitions the taxpayer claimed that the delinquency penalties of $68,517.63, here involved, had been erroneously assessed and were in controversy. The Commissioner first denied that the original delinquency penalties were in controversy in the Tax Court proceeding; but some six months after the testimony was closed, moved to amend his answer so as to include them. When his motion was denied on the ground that his claim had not been properly raised as required by statute and the rules of the Tax Court, and the latter refused to consider the question as to the original penalties, the Commissioner filed a petition for review by this Court. We affirmed, Commissioner v. Erie Forge Co., 3 Cir., 1948, 167 F.2d 71, at page 78, on the ground that there was "no clear cut mistake of law and no abuse of discretion on the part of the Tax Court." Parenthetically it may be noted that the Tax Court had sustained the Commissioner's determination as to the deficiencies in excess profits of $69,613.60 and the penalties thereon of $17,245.22.

It may be observed that during the pendency of the Tax Court proceedings the Commissioner, on July 21, 1944, made a second demand on the taxpayer for payment of the original delinquency penalties. No payment was ever made, with the result that the present suit was started for the collection of the penalties on August 21, 1947.

The rather detailed statement above has been made because of the taxpayer's contention, subscribed to by the District Court, that the Tax Court's decision was dispositive of the issue of the validity of the original delinquency penalty assessment.

As to this phase of the case, the record clearly establishes: (1) the Tax Court did not pass upon the issue as to the original delinquency penalties [6] and we so pointed out in footnote 4, page 73 of 167 F.2d in our opinion in Commissioner v. Erie Forge Co., supra; (2) we held in the latter case, 167 F.2d page 78, that "The Tax Court acted properly in not considering the Commissioner's claim to the additional penalties"; and (3) we did not there rule on the question as to whether the original delinquency penalties constituted "deficiencies", but determined only that the Tax Court had not abused its discretion in not allowing the Commissioner to assert them in the proceeding before it.

■ Further, the Commissioner is not estopped in this action under the principle that the first proceeding was *res judicata* as to all matters which were put in issue or could have been put in issue. This is because the Tax Court never assumed jurisdiction over these penalties. Section 272 (e) provides that "The (Tax Court) shall have jurisdiction * * * to determine whether any penalty, additional amount or addition to the tax should be assessed—*if claim therefor is asserted* by the Commissioner at or before the hearing or a rehearing." (Emphasis supplied.) Since the Tax Court refused to allow the Commissioner to assert a claim for these amounts it thereby precluded its decision from having any effect whatsoever as to

---

5. These sums have been paid and are not now in controversy.

6. "The respondent (Commissioner) has tried unsuccessfully to have us consider and decide an issue in regard to additional penalties. We have refused because it has not been properly raised as required by the statute and the rules of this Court, and, further, because the facts upon which to base a decision of of such an issue are not properly presented." Opinion of the Tax Court, 1945, 5 T.C. 1389.

them. This is not to say that the Tax Court never has jurisdiction to determine whether a delinquency penalty should be assessed. As the taxpayer points out, both this Court [7] and the Supreme Court [8] have recognized the jurisdiction of the Tax Court in such controversies; but we have been able to find no case which holds that a Tax Court decision can be *res judicata* as to penalties not in issue.

We come now to the primary issue involved—whether a delinquency penalty assessed for failure to file timely tax returns is a "deficiency" under Section 271 (a). A ruling on that issue is made necessary by reason of the fact that the District Court held that a delinquency penalty is a deficiency and dismissed the plaintiff's suit because the penalties here involved were asserted by direct assessment under Section 291, rather than by deficiency determination under Section 272(a).

The code itself contains the following definition of "deficiency" in Section 271(a). The latter provides as follows:

"(a) In general. As used in this chapter in respect of a tax imposed by this chapter, 'deficiency' means the amount by which the tax imposed by this chapter exceeds the excess of—

"(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

"(2) the amount of rebates, as defined in subsection (b)(2), made."

Thus, under the Code, a "deficiency" is the excess of the amount determined by the Commissioner to be the correct amount of the tax due by the taxpayer over the amount of tax reported by him.

█ It is clear that Section 271(a), in defining a deficiency as the amount by which the tax imposed exceeds the tax returned by the taxpayer, precludes delinquency penalties assessed under Section 291 for late filing of returns from being included in the term "deficiency".

In order to decide as we do it is only necessary to consider the language of the section which imposes these penalties and prescribes their method of collection.

Section 291, entitled "Failure to file return", provides that the penalty which it describes as an addition to the tax "shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amounts so added shall be collected in the same manner as the tax." The "manner" prescribed by the Code for the collection of a self-returned tax is by assessment by the Commissioner [9] certified to the Collector,[10] due notice to the taxpayer,[11] and collection, either by distraint or by a proceeding in court such as this.[12] By contrast, Section 293, entitled "Additions to the tax in case of deficiency", provides that *deficiency* penalties are to be "assessed, collected, and paid in the same manner as if (they) were * * * deficienc(ies) * * *." The "manner" prescribed for the collection of deficiencies is by statutory notice of the deficiency, after which the taxpayer has ninety days before the deficiency can be assessed in which to petition the Tax Court for a redetermination.[13] Thus, the Code logically provides that where the penalty is measured by a tax deficiency it is subject to the same procedure as the deficiency, for if the deficiency is revised by the Tax Court the penalty will be revised along with it. However, where the penalty is based upon an amount which the taxpayer has admitted to be due, the Code prescribes the simpler method of collection first outlined. The difference in wording between Sections 291 and 293 is certainly not accidental. If Congress had meant to subject

7. Hatfried, Inc., v. Commissioner, 3 Cir., 1947, 162 F.2d 628.

8. Commissioner v. Lane-Wells, Co., 1944, 321 U.S. 219, 64 S.Ct. 511, 88 L.Ed. 684.

9. 26 U.S.C.A. § 3640.

10. 26 U.S.C.A. § 3641.

11. 26 U.S.C.A. § 3655.

12. 26 U.S.C.A. § 276(c).

13. See footnote 4, supra.

delinquency penalties to the deficiency route it would undoubtedly have said so, just as it did in Section 293 in the case of deficiency penalties. But the words "in the same manner * * * as * * * the tax" in Section 291 admit of but one meaning. If self-returned taxes are collected without the issuance of ninety-day letters, it follows *simpliciter* that none are required for delinquency penalties measured thereon.

In spite of the unequivocal language of Section 291, taxpayer seeks to brush aside the mandate of that section by arguing that delinquency penalties are deficiencies by definition, and as such can be assessed only after compliance with the requirements of Section 272(a). Taxpayer argues that since, under Section 291, a delinquency penalty is to be collected "as a part of the tax" the penalty actually represents part of the tax liability and hence is encompassed by the phrase "the tax imposed by this chapter" in Section 271(a). This contention overlooks the fact that Section 291 makes no attempt at all to define delinquency penalties, but merely directs how they are to be collected, referring to them only as "amount(s) added to the tax under this section." As stated above, we need consider no more than the clear cut prescription of Section 291. It is inconceivable to us that Congress could have intended the section to expressly provide one method of collection for these penalties and then to stultify itself by describing them in such terms as to require reference to another section for a different method of collection.

Taxpayer's argument also ignores the significance of the legislative placement of Section 271(a) in a chapter captioned "Assessment and Collection of Deficiencies" and Section 291 in an entirely separate chapter captioned "Interest and Additions to the Tax".

In its supplemental brief taxpayer points to the case of Appeal of Washburn, 1927, 7 B.T.A. 483, in which the then Board of Tax Appeals held that a delinquency penalty is "assessed as a deficiency in tax". We are convinced that the Board erred in so holding. It may be observed that the Washburn decision has never since been cited for the proposition discussed.

■ Taxpayer also contends that the United States should not succeed in this action because of faulty compliance with the notice and demand requirements of Section 3655 of the Code. That section requires the Collector to notify the taxpayer of his liability within 10 days after receiving any list of taxes from the Commissioner. Taxpayer offered evidence tending to prove that, upon receipt of this notification on September 9, 1941, which was within the statutory time, one of its officers communicated with the Collector and was advised that the notice had been sent in error.[14] Even if this evidence should establish a failure to comply with Section 3655, it cannot affect the outcome of this suit. The Collector's observance of the section might be material if he were attempting to collect these penalties by distraint, under the authority given him by Section 3651;[15] but it is immaterial in an action by the United States, since such a suit is brought "either upon the assessment, or upon the duty imposed by the statute alone." Jenkins v. Smith, 2 Cir., 1938, 99 F.2d 827, 828. See also United States v. Michel, 1931, 282 U.S. 656, 51 S. Ct. 284, 75 L.Ed. 598.

For the reasons stated, the order of the District Court will be vacated, and the cause remanded for proceedings not inconsistent with this opinion.

---

14. The parties stipulated in the District Court that this evidence had been offered in the original proceeding in the Tax Court.

15. Which provides in part: "It shall be the duty of the collectors or their deputies, in their respective districts, and they are authorized, to collect all the taxes imposed by law, however the same may be designated." 53 Stat. 445, 26 U.S.C. A. § 3651.