**Ralph W. DAVIS and Louise M. Davis, Plaintiffs,**

v.

**A. J. DUDLEY, Defendant.**
**Civ. No. 11960.**

United States District Court
W. D. Pennsylvania.

Sept. 20, 1954.

Carl Brandt and Brandt, Reister,. Brandt & Malone, Pittsburgh, Pa., for plaintiffs.

John W. McIlvaine, U. S. Atty., D. Malcolm Anderson, Jr., First Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

Plaintiffs, husband and wife, ask for a preliminary injunction to restrain defendant, the Director of Internal Revenue, from proceeding to assess, collect or distrain with respect to additions to their income taxes allegedly due under § 294(d) of the Code,[1] for the years 1950 and 1951.

Their complaint alleges that the director had issued a notice of assessment, demanded payment, and threatened proceedings in order to collect these penalties. They also allege that the Director's "determination that there exist

---

1. 26 U.S.C.A. § 294.

"(d) *Estimated tax*

"(1) *Failure to file declaration or pay installment of estimated tax*

"(A) *Failure to file declaration.* In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. * * *

"(B) *Failure to pay installments of estimated tax declared.* Where a declaration of estimated tax has been made and filed within the time prescribed, or where a declaration of estimated tax has been made and filed after the time prescribed and the Commissioner has found

that failure to make and file such declaration within the time prescribed was due to reasonable cause and not to willful neglect, in the case of a failure to pay an installment of the estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of the unpaid amount of such installment, and in addition 1 per centum of such unpaid amount for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment.

"(2) *Substantial underestimate of estimated tax.* If 80 per centum of the tax * * *, exceeds the estimated tax * * *, there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. * * *"

any proper additions to the tax under * * * Section 294 is incorrect", but aver, in the alternative, that if "partially correct, such additions to tax constitute a deficiency within the meaning of * * Sections 271 and 272,"[2] and "no deficiency notice as specifically required" by § 272(a) has been issued. Hence it is alleged "further assessment, collection or distraint procedures are illegal and * * * may be restrained."[3]

The defendant moved to dismiss the complaint "upon the ground that this court is without jurisdiction because this is an action to enjoin collection of internal revenue taxes, the maintenance of which is prohibited by Section 3653 (a) of the Internal Revenue Code."

Defendant also submitted an affidavit which, inter alia, specifies that the disputed additions to plaintiffs' income taxes were imposed in December, 1953, under each of the three subdivisions of § 294(d). These subdivisions provide for imposition of penalties as follows: (1) subdivision 294(d) (2), for substantial underestimate of estimated taxes; (2) subdivision 294(d) (1) (A), for failure to file timely a declaration of estimated tax; (3) subdivision 294(d) (1) (B), for failure to pay within time prescribed any installment of declared estimated tax.

He argues that the penalties here involved should be collected in the manner of taxes similarly to the penalty imposed under § 291, and cites as authority United States v. Erie Forge Co., 3 Cir., 1951, 191 F.2d 627, certiorari denied 343 U.S. 930, 72 S.Ct. 759, 96 L.Ed. 1339.

In their brief plaintiffs agree that § 294(d) is the specific subsection under which the disputed additions to their taxes were imposed for each of the years in question. They also agree with defendant that the aggregate penalties assessed amounted to $4,381.28 for the

year 1950; $7,869.94 for the year 1951, or a total of $12,251.22.

The principal question posed by the undisputed facts disclosed in the complaint and affidavit is: Do penalties imposed pursuant to each of the three subdivisions of § 294(d) constitute a deficiency within the meaning of § 271?

It is our opinion that they do, and absent the issuance of a deficiency notice authorized by § 272(a), further assessment and distraint proceedings for collection thereof would be unlawful and should be enjoined as provided in § 272 (a).

At the outset it is to be observed that the statutory language employed in § 291 and § 293, construed and contrasted in United States v. Erie Forge Co., supra, which clearly prescribes the method and manner of collecting the penalties imposed by those sections, is omitted in the subdivisions of § 294(d). The intended manner of collecting the penalties imposed by these subdivisions is thus left somewhat in doubt.

However, since each subdivision provides that the penalty is to "be added to the tax", each penalty "can then be said to become a part of the tax": Newsom v. Commissioner, 22 T.C. 225. As a part of the tax, the unpaid total amount of the penalties imposed by these subdivisions is, we think, a deficiency within the meaning of § 271(a), because it comprises "the amount determined by the Commissioner to be the correct amount of the tax due by the taxpayer over the amount of tax reported by him",[4] plus amounts assessed or collected without assessment.

In addition, the imposition of the delinquency penalties in subdivisions 294 (d) (1) (A) and (B) depends exclusively upon the judgment of the Commissioner. Hence, in the absence of unequivocal language to the contrary, such as is con-

2. 26 U.S.C.A. §§ 271, 272.

3. Since submission, we take judicial notice that the plaintiffs' petition to the Tax Court mentioned in the complaint has been dismissed for lack of jurisdiction.

4. The quoted language is from United States v. Erie Forge Co., supra, 191 F.2d at page 630.

tained in § 291, we think that this type of penalty should be construed as a deficiency in order that the judgment of the Commissioner may be tested by the Tax Court as a safeguard against erroneous assessments and compulsory payment pending final decision.[5]

■ This construction, we believe, is simply an application of the general rule to the effect that penal statutes, such as these subdivisions, are to be interpreted liberally in favor of the taxpayer and strictly against the Government. Cf. Stephan v. Commissioner, 5 Cir., 1952, 197 F.2d 712.

A similar reason, inter alia, was declared by the Tax Court in Newsom v. Commissioner, supra, which held that a penalty determined pursuant to subdivision 294(d) (2) should be treated as a deficiency. Since the arguments advanced by the defendant have not persuaded us to disagree with the reasoning of Judge Opper, we are content to follow this decision.

Thus we conclude that the penalties imposed in this case pursuant to the subdivisions of § 294(d) should be collected in the manner prescribed for a deficiency.

One other matter invites attention. Obviously, two distinct types of penalty are involved in § 294(d). Subdivisions (d) (1) (A) and (B) impose delinquency penalties for "failure to file declaration or pay installment of estimated tax"; as stated, their imposition depends upon the judgment of the Commissioner. On the other hand, subdivision (d) (2) imposes a penalty measured by the size of the underestimate and does not involve judgment.

However, it has not been intimated by either side that the method of collecting these two distinct types of penalty should differ, and we find it difficult to believe that Congress, without specifically saying so, intended that the man-

ner of collecting the penalties imposed in connection with "estimated tax" should not be uniform. Indeed, if it is correct to conclude that a penalty imposed by any subdivision of § 294(d) is a deficiency, it seems that it would logically follow that the deficiency procedure set out in § 272(a), including the limitations, and jurisdiction of the Tax Court, was intended.

For the foregoing reasons, if the averments of the complaint can be sustained by proof, we are of the opinion that this court has jurisdiction to issue the preliminary injunction prayed for, and the motion of the defendant to dismiss for lack of jurisdiction will be denied.

---

5. In this connection it is interesting to note that in the Internal Revenue Code of 1954, in two sections (6651 and 6653) where the imposition of penalties likewise depends upon the exercise of judgment, collection thereof is by way of deficiency procedure and not in the manner of collecting taxes; see § 6659.