Kenneth MUSE and Winnie Muse,
Plaintiffs,

v.

James L. ENOCHS, United States District Director of Internal Revenue for the District of Mississippi, Defendant.

Civ. A. No. 2707.

United States District Court
S. D. Mississippi,
Jackson Division.

Aug. 22, 1958.

Creekmore & Beacham, Jackson, Miss., for plaintiffs.

Robert E. Hauberg, U. S. Atty. and Edwin R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., for defendant.

MIZE, District Judge.

This matter is before the Court on motion of the plaintiffs for summary judgment to make perpetual and permanent the preliminary injunction heretofore entered herein, enjoining the defendant, James L. Enochs, as United States District Director of Internal Revenue for the District of Mississippi, from beginning any levy or proceedings in Court for the collection of an assessment of additions to tax for substantial underestimation or underpayment of estimated tax, where the defendant had not sent to the plaintiffs a ninety-day letter notifying them of the intention to make such an assessment and granting them the right to appeal to the Tax Court of the United States prior to such assessment.

There is no dispute between the parties as to any material fact. Plaintiffs are husband and wife, and are both adult resident citizens of Jackson, Mississippi. On or before April 15, 1957, plaintiffs prepared and filed with the defendant their joint income tax return for calendar year 1956 and paid to the defendant all due and owing Federal income taxes for said calendar year 1956 as shown thereon.

On September 11, 1957, defendant reached a determination that plaintiffs had underpaid their estimated tax for the calendar year 1956, in violation of the provisions of Section 6654, Internal Revenue Code of 1954, 26 U.S.C.A. § 6654, and assessed an addition to tax under the provisions of said Section in the sum of $204.23, and defendant then demanded payment thereof within ten days. Defendant did not and has not at any time sent to plaintiffs by registered mail a notice of his determination of any deficiency in tax as required by Sections 6212 and 6213(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 6212, 6213(a), granting to plaintiffs the

right of appeal to the Tax Court of the United States within 90 days.

The question involved in this case is whether an addition to the tax under the provisions of Section 6654 of the Internal Revenue Code of 1954 is a "deficiency" within the meaning of Sections 6212 and 6213 of the Internal Revenue Code of 1954. If such penalties or additions to tax are deficiencies, it is mandatory under Section 6213(a) that the defendant issue the 90-day letter granting an appeal to the Tax Court of the United States prior to making any assessment of tax, and the injunctive relief prayed for should be granted. If the additions to tax under the provisions of Section 6654 of the Internal Revenue Code of 1954 are not deficiencies, no 90-day letter need be issued and an immediate assessment may be made, and the injunctive relief prayed for should not be granted.

It is quite clear that the plaintiffs must prevail. Section 6659 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6659, specifically states that all of the additions to tax, additional amounts and penalties provided by Chapter 68 of the Internal Revenue Code of 1954 shall be assessed, collected and paid in the same manner as taxes and that any reference in the Internal Revenue Code to "tax" imposed shall be deemed also to refer to the additions to the tax, additional amounts and penalties provided by Chapter 68. Section 6654 is a part of Chapter 68 of the Internal Revenue Code of 1954.

Furthermore, in the Senate Committee Report to be found at page 4568, 1954 U.S.Code and Congressional Administrative News, the following reference is made to Section 6659:

"This section is identical with that of the House Bill.

"This section provides that the additions to the tax, additional amounts, and penalties provided by Chapter 68 shall be assessed, collected, and paid in the same manner as taxes, except where otherwise specifically provided in another section of this title. This conforms to the rules under existing law. By virtue of this section, it is unnecessary in other parts of the title to specifically refer to these additions to the tax when providing rules as to the collection, assessment, etc., of the taxes. This section also makes clear that the procedures for the assessment of deficiencies in income, estate and gift taxes (including 90-day letters and appeal to the Tax Court), also apply in additions to those taxes".

Such statutory language is too clear for discussion. The contention of the defendant that the determinations of penalties or additions to tax for underestimation or underpayment of estimated tax are mere "mathematical errors" appearing upon the return, so that under the provisions of Section 6213(b) the defendant is relieved from the restrictions on assessment of tax contained in Section 6213(a), is wholly untenable.

See the cases of Hackleman v. Granquist, D.C.Or.1957, 147 F.Supp. 826; Newsom v. Commissioner, 22 T.C. 225, affirmed 5 Cir., 1955, 219 F.2d 444; and Davis v. Dudley, D.C.Pa.1954, 124 F. Supp. 426, where the same point was involved, and in all of which cases the taxpayer prevailed.

Therefore, the Court concludes that the assessment made by the defendant against plaintiffs on September 11, 1957, in the sum of $204.23 was null and void for failure to follow the proper statutory prerequisites to making an assessment of tax, and the temporary injunction heretofore granted by this Court in this cause should be made permanent.

Order may be drawn in accord herewith.