**Ralph C. GRANQUIST, District Director of Internal Revenue for the District of Oregon, Appellant,**

v.

**Margaret HACKLEMAN, Appellee.**

**No. 16035.**

United States Court of Appeals Ninth Circuit.

Feb. 13, 1959.

See, also, D.C., 147 F.Supp. 826.

Andrew F. Oehmann, Acting Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Fred E. Youngman, George W. Beatty, Attorneys, Department of Justice, Washington, D. C., C. E. Luckey, U. S. Atty., Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for appellant.

Richard H. M. Hickok, Bend, Or., for appellee.

Before DENMAN, POPE and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

This is an appeal by R. C. Granquist, District Director of Internal Revenue for the District of Oregon, appellant herein, from a judgment of the District Court declaring void certain assessments for additions to tax due from the Estate of Abe Hackleman and from Margaret Hackleman for the taxable years 1953 and 1954. The assessment was occasioned by the late filing of such returns. Appeal is also taken from the order enjoining appellant from assessing such additions to the tax without complying with the deficiency procedure set out in the Internal Revenue Codes of 1939 and 1954.

Abe Hackleman died April 17, 1953. On June 6, 1956, Margaret Hackleman, appellee herein and widow of Abe Hackleman, filed with appellant (District Director of Internal Revenue for the District of Oregon) income tax returns for herself for 1953 and 1954 and for the Estate of Abe Hackleman for 1953 and 1954, and paid the taxes and interest due thereon. On or about June 6, 1956, appellant assessed against Abe and Margaret Hackleman additional income taxes for the years 1953 and 1954 by reason of the late filing of the returns for those years. On or about the same date appellant also assessed against the Estate of Abe Hackleman additional income taxes for the years 1953 and 1954 by reason of the late filing of the returns for those years. These assessments for 1953 and 1954 were not jeopardy assessments and statutory notices of deficiency required by § 272(a) of the Internal Revenue Code of 1939 and § 6212 of the 1954 Code were not issued prior to the making of the assessments.

An action was commenced by appellee in the District Court to enjoin collection of the amounts assessed as penalties for the late filing of the returns and to invalidate the assessments for these penalties upon the ground that statutory deficiency notices were not issued prior to the making of the assessments.

Appellee made a motion for summary judgment in her favor, that the assessments made against her individually and against the Estate of Abe Hackleman be declared void and without legal effect, and for a judgment enjoining the District Director from assessing said additions to tax without complying with the deficiency procedure set out in the Internal Revenue laws. Likewise, appellant made a motion for a summary judgment in *his* favor, that the additions to taxes against appellee were properly assessed and did not require the sending

of the deficiency ninety-day letter preliminary to assessment, and on the ground that the District Court was without jurisdiction to enjoin the collection of these assessments under the provisions of § 7421(a) of the Internal Revenue Code of 1954.[1]

The District Court granted appellee's motion for summary judgment and further ordered that appellant be enjoined from assessing said additions to the tax without complying with the deficiency procedure provided for in §§ 6212 and 6213, Title 26 U.S.C.A. This appeal followed.

1. Section 7421. (Title 26, Internal Revenue Code of 1954).
"Prohibition of Suits to Restrain Assessment or Collection
"(a) Tax.—Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C.A. § 7421(a).

2. Section 291. (Title 26, Internal Revenue Code of 1939).
"Failure to file return
"(a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3612(d) (1)." 26 U.S.C.A. § 291(a).

3. Section 6651. (Title 26, Internal Revenue Code of 1954).
"Failure to file tax return
"(a) Addition to the tax. In case of failure to file any return required under authority of subchapter A of chapter 61 * * * unless it is shown that

Section 291 of the Internal Revenue Code of 1939 [2] sets out the additions to the tax that would be due in the event the tax was not paid on time. Under the 1954 Code the additions to the tax for late filing were set out in § 6651 of the Internal Revenue Code of 1954.[3]

The questions involved in this appeal are whether these additions to the tax are subject to the restrictions imposed upon the assessment of *deficiencies* in income tax as provided by § 272(a) (1) of the Internal Revenue Code of 1939 [4] (governing the 1953 returns) and § 6213 [5] (governing the 1954 returns). If

such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 per cent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 per cent for each additional month or fraction thereof during which such failure continues, not exceeding 25 per cent in the aggregate." 26 U.S.C.A. § 6651(a).

4. Section 272. (Title 26, Internal Revenue Code of 1939).
"(a) (1) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. * * *" 26 U.S.C.A. § 272(a) (1).

5. Section 6213. (Title 26, Internal Revenue Code of 1954).
"Restrictions applicable to deficiencies; petition to Tax Court

they are, a nintey-day letter must be sent to the taxpayer within which time the taxpayer may file an action in the Tax Court to determine the propriety of the Commissioner's action.

The question of whether these additions to the tax under the 1939 Code were deficiencies requiring the ninety-day letter was before the Court in United States v. Erie Forge Co., 3 Cir., 1951, 191 F.2d 627, 630, certiorari denied 343 U.S. 930, 72 S.Ct. 759, 96 L.Ed. 1339. There, the Court specifically held that the language of § 291 of the Internal Revenue Code of 1939 required a holding that the penalty described in § 291 as "an addition to the tax" could be assessed and collected without the ninety-day letter.[6]

"(a) Time for filing petition and restriction on assessment. Within 90 days or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

"(b) Exceptions to restrictions on assessment.—

"(1) Mathematical errors. * * *

"(2) Assessments arising out of tentative carryback adjustments. * * *

"(3) Assessment of amount paid. * *

"(c) Failure to file petition. * * *

"(d) Waiver of restrictions. * * *

"(e) Cross references. * * *" 26 U.S.C.A. § 6213(a–e).

6. "Section 291, entitled 'Failure to file return', provides that the penalty which it describes as an addition to the tax 'shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amounts so added shall be collected in the same manner as the tax'. The 'manner' prescribed by the Code for the collection of a self-returned tax is by assessment by the Commissioner certified to the Collector, due notice to the taxpayer, and collection, either by distraint or by a proceeding in court such as this. By contrast, Section 293, entitled 'Additions to the tax in case of deficiency', provides that *deficiency* penalties are to be 'assessed, collected, and paid in the same manner as if (they) were * * * deficienc(ies) * * *'. The 'manner' prescribed for the collection of deficiencies is by statutory notice of the deficiency, after which the taxpayer has ninety days before the deficiency can be assessed in which to petition the Tax Court for a redetermination. Thus, the Code logically provides that where the penalty is measured by a tax deficiency it is subject to the same procedure as the deficiency, for if the deficiency is revised by the Tax Court the penalty will be revised along with it. However, where the penalty is based upon an amount which the taxpayer has admitted to be due, the Code prescribes the simpler method of collection first outlined. The difference in wording between Sections 291 and 293 is certainly not accidental. If Congress had meant to subject delinquency penalties to the deficiency route it would undoubtedly have said so, just as it did in Section 293 in the case of deficiency penalties. But the words 'in the same manner * * * as * * * the tax' in Section 291 admit of but one meaning. If self-returned taxes are collected without the issuance of ninety-day letters, it follows *simpliciter* that none are required for delinquency penalties measured thereon.

"In spite of the unequivocal language of Section 291, taxpayer seeks to brush aside the mandate of that section by arguing that delinquency penalties are deficiencies by definition, and as such can be assessed only after compliance with the requirements of Section 272(a). Taxpayer argues that since under Section 291, a delinquency penalty is to be collected 'as a part of the tax' the penalty actually represents part of the tax liability and hence is encompassed by the phrase 'the tax imposed by this chapter' in Section 271(a). This contention overlooks the fact that Section

We agree with the reasoning of the Erie Forge case.

In the 1954 Code however, § 6651 was adopted, which was in essence the same as § 291 of the 1939 Code, except that the following language in § 291 was omitted from § 6651:

"The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax."

Reference to that portion of the Erie Forge case set out in the margin (Footnote 6) indicates to what extent the Third Circuit relied on the above quoted language in reaching its decision.

However, language similar to that shown as omitted from § 6651, providing for the collection of additions to tax was placed in § 6659 of the 1954 Code, but with additional language indicating that any addition to the tax under § 6651—

" * * * shall be considered a part of such tax for the purpose of applying the provisions of this title relating to the assessment and collection of such tax (including the provisions of subchapter B of chapter 63, relating to deficiency procedures for income, estate, and gift taxes)." § 6659(b).

Thus, § 6659(b) clearly entitles a taxpayer to a ninety-day letter and prepayment review in the Tax Court without reference to whether or not these "additions to the tax" are technically "deficiencies".

Appellee's major concern, of course, is whether these assessments are subjected to the *same restrictions as those imposed upon the collections* of the deficiencies, and not whether these assessments may properly be *called* deficiencies.

In the case of Davis v. Dudley, D.C.Pa. 1954, 124 F.Supp. 426, 428, Judge Marsh, who was a member of the court that decided the Erie Forge case, had a similar situation before him arising under § 294(d) of the Internal Revenue Code of 1939. Section 294(d) provides for the imposition of penalties for substantial underestimation of estimated taxes, for failure to file timely a Declaration of Estimated Tax, and for failure to pay within the time prescribed, any installment of Declared Estimated Tax. § 294(d) does not, however, contain the language quoted above which was contained in § 291 of the 1939 Code but which was omitted from § 6651 of the 1954 Code.

The reasoning of Judge Marsh in Davis v. Dudley, supra, appeals to us. It is set out below.[7]

291 makes no attempt at all to define delinquency penalties, but merely directs how they are to be collected, referring to them only as 'amount(s) added to the tax under this section'. As stated above, we need consider no more than the clear cut prescription of Section 291. It is inconceivable to us that Congress could have intended the section to expressly provide one method of collection for these penalties and then to stultify itself by describing them in such terms as to require reference to another section for a different method of collection.

"Taxpayer's argument also ignores the significance of the legislative placement of Section 271(a) in a chapter captioned 'Assessment and Collection of Deficiencies' and Section 291 in an entirely sepa- rate chapter captioned 'Interest and Additions to the Tax.'

"In its supplemental brief taxpayer points to the case of Appeal of Washburn, 1927, 7 B.T.A. 483, in which the then Board of Tax Appeals held that a delinquency penalty is 'assessed as a deficiency in tax'. We are convinced that the Board erred in so holding. It may be observed that the Washburn decision has never since been cited for the proposition discussed." [Footnotes omitted.]

7. "At the outset it is to be observed that the statutory language employed in § 291 and § 293, construed and contrasted in United States v. Erie Forge Co., supra, which clearly prescribes the method and manner of collecting the penalties imposed by those sections, is omitted in

■ The Tax Court was created to afford the taxpayer an opportunity to litigate his liability for taxes without being required to first pay those taxes and then sue for their return.[8] To require a taxpayer to take such action may in many cases be a substantial hardship to him.

Both the District Courts and the Tax Court have applied the rationale of Davis v. Dudley, supra, in cases arising under § 294(d) and its counterpart in the 1954 Code, § 6654. The following cases have held that § 294(d) or § 6654 assessments were "deficiencies" and thus that tax-

payer was entitled to the ninety-day letter and the attendant pre-payment review: Newsom v. Commissioner, 1954, 22 T.C. 225, affirmed per curiam, 5 Cir., 1955, 219 F.2d 444 (§ 294(d); Myers v. Commissioner, 1957, 28 T.C. 12 (§ 294 (d); Marbut v. Commissioner, 1957, 28 T.C. 687 (§ 294(d); Muse v. Enochs, D.C.Miss.1958, 164 F.Supp. 561 (§ 6654).

Although the above cited cases hold that § 294(d) and § 6654 assessments are *deficiencies,* we are not convinced that a like holding in the instant case is either warranted or necessary in determining

the subdivisions of § 294(d). The intended manner of collecting the penalties imposed by these subdivisions is thus left somewhat in doubt.

"However, since each subdivision provides that the penalty is to 'be added to the tax', each penalty 'can then be said to become a part of the tax': Newsom v. Commissioner, 22 T.C. 225. As a part of the tax, the unpaid total amount of the penalties imposed by these subdivisions is, we think, a deficiency within the meaning of § 271(a), because it comprises 'the amount determined by the Commissioner to be the correct amount of the tax due by the taxpayer over the amount of tax reported by him',[4] plus amounts assessed or collected without assessment.

"In addition, the imposition of the delinquency penalties in subdivisions 294 (d) (1) (A) and (B) depends exclusively upon the judgment of the Commissioner. Hence, in the absence of unequivocal language to the contrary, such as is contained in § 291, we think that this type of penalty should be construed as a deficiency in order that the judgment of the Commissioner may be tested by the Tax Court as a safeguard against erroneous assessments and compulsory payment pending final decision.[5]

"This construction, we believe, is simply an *application of the general rule* to the effect that penal statutes, such as these subdivisions, are to be interpreted liberally in favor of the taxpayer and strictly against the Government. Cf. Stephan v. Commissioner, 5 Cir., 1952, 197 F.2d 712."

Footnote 4: "The quoted language is from United States v. Erie Forge Co., supra, 191 F.2d at page 630.

Footnote 5: "In this connection it is interesting to note that in the Internal Revenue Code of 1954, in two sections (6651 and 6653) where the imposition of penalties likewise depends upon the exercise of judgment, collection thereof is by way of deficiency procedure and not in the manner of collecting taxes; see § 6659."

8. "The right of appeal after payment of a tax was an incomplete remedy, and does little to remove the hardship occasioned by an incorrect assessment. The payment of a large additional tax on income received several years previous which may have, since its receipt, been either wiped out by subsequent losses, invested in nonliquid assets, or spent, sometimes forces taxpayers into bankruptcy, and often causes great financial hardship and sacrifice. These results are not remedied by permitting the taxpayer to sue for the returning of the tax after payment. He is entitled to an appeal and to determination of his liability prior to its payment." Ways and Means Committee of the 68th Congress, First Session, House of Representatives Report No. 179, pages 7 and 8.
Representative Green of Iowa in a discussion on the floor of the House of Representatives said—

"In the revision of the law a special effort was made to give the taxpayer better opportunity to present his case when he thought the tax was being unjustly leveled against him or being levied in too great an amount. For this purpose a Board of Tax Appeals is created, to be appointed by the President and to hear the cases." Congressional Record, Vol. 65, page 2429.

whether § 6651 assessments are to be *subject to deficiency procedures.*

The above cases are cited to illustrate a *recognition in the courts of the under-* lying reasons in favor of affording a taxpayer a pre-payment review in the Tax Court. The reasons that recommend these restrictions on the collection of § 294(d) and § 6654 assessments are equally applicable to the collection of § 6651 assessments. The Tax Court should be an available forum for the determination of whether the taxpayer's failure to file on time was "due to reasonable cause and not due to willful neglect."

There is a question, however, whether the assessments in the instant case may properly be called deficiencies. Reference is made to § 6211, which defines a deficiency, and to § 6659, which sets forth the applicable rules for the collection of the subject § 6651 assessments.

§ 6211, in relevant part, defines a deficiency as "the amount by which the *tax imposed by subtitles A or B* exceeds the excess of * * * (A) the amount shown as the tax by the taxpayer upon his return * * *" [Emphasis added.]

Subtitles A and B refer to §§ 1 to 2524 (Income, Estate and Gift Taxes).

§ 6659(a) (2) provides—

"Any reference in this title to '*tax*' *imposed by this title* shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter." [Emphasis added.]

It is conceivable that the above quote from § 6659(a) (2) means that any reference to a tax in the Code includes the subject assessments, and thus that these are taxes within the meaning of § 6211. We believe, however, that *it is more rea-* sonable to recognize that § 6211 defines a deficiency in terms of a "tax imposed by subtitle A or B", while § 6659(a) (2) simply authorizes referring to these additions to the tax as "taxes".

§ 6651 assessments may be "taxes", but they are not "taxes imposed by subtitle A or B." In short, the "taxes" that are included in the statutory definition, of deficiencies are limited to those taxes imposed by §§ 1 to 2524, while § 6659(a) (2) allows for referring to additions to tax imposed by §§ 6651 to 6674 as "taxes".

Thus, when § 6211 and § 6659(a) (2) are read together it may be said that these additions to the tax are not included in the statutory definition of "deficiency".

Appellee, however, is not as concerned with what this assessment is called as he is with how it may be collected. § 6659 (b) provides as follows:

"§ 6659 * * *

\* \* \* \* \* \*

"(b) Additions to tax for failure to file return or pay tax. Any addition under section 6651 or section 6653 to a tax imposed by another subtitle of this title shall be considered a part of such tax for the purpose of applying the provisions of this title relating to the assessment and collection of such tax (including the provisions of subchapter B of chapter 63, relating to deficiency procedures for income, estate, and gift taxes)."

We hold that the above warrants a conclusion that § 6651 assessments are limited by the same restrictions as those imposed on the collections of deficiencies; namely, the ninety-day letter and the prepayment review in the Tax Court.

Where the statute does not specifically, by its precise language, take away this right (as we believe it does in § 291, 1939 Code, Erie Forge case, supra), we believe that the taxpayer should be afforded an opportunity to file suit in the Tax Court to determine his liability. The requirement of a ninety-day deficiency notice affords this right to the taxpayer.

Appellant cites Treasury Regulation 301.6659-1, adopted November 16, 1957 (more than a year after taxpayer filed his amended complaint in this case). Appellant contends that its position on this appeal is in accord with the cited Regulation, and that the Regulation

should be followed by this Court. Pertinent portions of the Regulation are set forth in the margin with those sections principally relied upon by appellant in boldface.[9]

■ A Treasury Regulation has the force and effect of law only if it is consistent with and reasonably adapted to the enforcement of a revenue statute. United States v. Grimaud, 1911, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; Commissioner v. South Texas Lumber Co., 1948, 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831.

We find that the appellant's interpretation of Section (c) of Regulation 301.-6659-1, as illustrated by Example (1) thereunder, is inconsistent with and contrary to the plain meaning of § 6659(b), supra.

■ To the extent that the Regulation is contrary to § 6659(b) it is not binding on this Court. Miller v. United States, 1935, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977; Manhattan General Equipment Co. v. Commissioner, 1936, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528; Helvering v. Safe Deposit & Trust Co. of Baltimore, 4 Cir., 1938, 95 F.2d 806; Kaufman v. United States, 4 Cir., 1942, 131 F.2d 854; Traders National Bank of Kansas City v. United States, D.C. Mo.1956, 148 F.Supp. 278, affirmed in 248 F.2d 667; Scofield v. Lewis, 5 Cir., 1958, 251 F.2d 128.

■ We hold that under the 1954 Code appellee was entitled to a ninety-day notice for taxes due for the year 1954, but that appellee was not so entitled under the 1939 Code for taxes due for the year 1953.

9. Section 301.6659-1 "Applicable Rules. —(a) Additions treated as tax.—Except as otherwise provided in the Code, any reference in the Code to 'tax' shall be deemed also to be a reference to any addition to the tax, additional amount, or penalty imposed by chapter 68 with respect to such tax. Such additions to the tax, additional amounts, and penalties shall become payable upon notice and demand therefor and shall be assessed, collected, and paid in the same manner as taxes.

"(b) Additions to tax for failure to file return or pay tax.—Any addition under section 6651 or section 6653 to a tax shall be considered a part of such tax for the purpose of the assessment and collection of such tax. For applicability of deficiency procedures to additions to the tax, see paragraph (c) of this section.

"(c) Deficiency Procedures.—(1) Additions to the tax for failure to file tax return.—**Subchapter B of chapter 63 (deficiency procedures) applies to the additions to the income, estate, and gift taxes imposed by section 6651 for failure to file a tax return to the same extent that it applies to such taxes. Accordingly, if there is a deficiency (as defined in section 6211) in the tax (apart from the addition to the tax) where a return has not been timely filed, deficiency procedures apply to the addition to the tax under section 6651. If there is no deficiency in the tax where a return has not been timely filed, the addition to the**

**tax under section 6651 may be assessed and collected without deficiency procedures.** The provisions of this subparagraph may be illustrated by the following examples:

"**Example (1). A filed his income tax return for the calendar year 1955 on May 15, 1956, not having been granted an extension of time for such filing. His failure to file on time was not due to reasonable cause. The return showed a liability of $1,000 and it was determined that A is liable under section 6651 for an addition to such tax of $50 (5 percent a month for 1 month). The provisions of subchapter B of chapter 63 (deficiency procedures) do not apply to the assessment and collection of the addition to the tax since such provisions are not applicable to the tax with respect to which such addition was asserted, there being no statutory deficiency for purposes of section 6211.**

"Example (2). Assume the same facts as in example (1) and assume further that a deficiency of $500 in tax and a further $25 addition to the tax under section 6651 is asserted against A for the calendar year 1955. Thus, the total addition to the tax under section 6651 is $75. Since the provisions of subchapter B of chapter 63 are applicable to the $500 deficiency, they likewise apply to the $25 addition to the tax asserted with respect to such deficiency (but not to the $50 addition to the tax under example (1))."

The judgment of the District Court in favor of the appellee covering the taxes for 1953 is reversed and the judgment of the District Court covering the taxes for 1954 in favor of the appellee is affirmed.