THORNTON D. WILT, PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 5364–73. Filed September 25, 1973.

*Donn E. Garvey*, for the petitioner.
*Eli H. Schmukler* and *Howard L. Williams*, for the respondent.

### OPINION

DAWSON, *Judge:* On June 18, 1973, respondent made a 100-percent penalty assessment of $110,116.57 against the petitioner pursuant to sections 6671 and 6672, I.R.C. 1954,[1] as being the person responsible for the failure to pay over withholding taxes collected by the Tangier Corp. for the taxable periods ended September 30, 1969, December 31, 1969, and March 31, 1970. A notice and demand for payment (Form 17) was sent to petitioner on the same date.

On July 10, 1973, the petitioner filed a petition with this Court for a redetermination of the assessment and also seeks an injunction against the collection of the taxes assessed. On July 25, 1973, respondent filed a motion to dismiss for lack of jurisdiction on the ground that no statutory notice of deficiency, authorized by section 6212(a)[2] and required by section 6213(a),[3] was sent to the petitioner which would provide the basis for this Court's jurisdiction.

---

[1] All statutory references herein relate to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[2] SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 42, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

[3] SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

On August 15, 1973, counsel for the parties presented their arguments at a motions session of the Court and subsequently filed memoranda.

The United States Tax Court has limited jurisdiction. See sec. 7442.[4] This includes Federal income, estate, and gift taxes which are subject to the deficiency notice requirements of sections 6212(a) and 6213(a). The deficiency notice requirements set forth in these two sections are limited to the taxes imposed by subtitle A (income taxes) and subtitle B (estate and gift taxes). Here we are dealing with a penalty imposed by sections 6671[5] and 6672[6] with respect to taxes imposed by subtitle C, the taxes required to be withheld by the employer from the wages of employees. There is no requirement that a notice of deficiency be issued before the assessment of the taxes imposed by subtitle C, and we have no jurisdiction to consider an assessed penalty relating to such taxes. This is plainly the view of two Courts of Appeals. See *Shaw* v. *United States*, 331 F. 2d 493, 494–495 (C.A. 9, 1964), and *Enochs* v. *Green*, 270 F. 2d 558, 560–561 (C.A. 5, 1959), involving predecessor section 2707(a) of the 1939 Code. Thus a deficiency notice is not needed for there to be an assessment under sections 6671 and 6672. Since a deficiency notice is a condition precedent to Tax Court jurisdiction, it is our conclusion that we lack jurisdiction of the taxpayer's petition herein. See *DaBoul* v. *Commissioner*, 429 F. 2d 38 (C.A. 9, 1970).

Petitioner relies primarily upon the decision in *Granquist* v. *Hackleman*, 264 F. 2d 9 (C.A. 9, 1959), to support his assertion that this Court has jurisdiction of his case. The *Granquist* case is clearly distinguish-

---

[4] SEC. 7442. JURISDICTION.

The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10–87), or by laws enacted subsequent to February 26, 1926.

[5] SEC. 6671. RULES FOR APPLICATION OF ASSESSABLE PENALTIES.

(a) PENALTY ASSESSED AS TAX.—The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

(b) PERSON DEFINED.—The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

[6] SEC. 6672. FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO EVADE OR DEFEAT TAX.

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

able from the instant case for the reasons stated by the Court of Appeals in *Shaw* v. *United States, supra* at 495 :

This decision did not involve an assessment under section 6672 for a penalty due to failure to account for withholding taxes, but involved an assessment for additions under section 6651 for failure to file an income tax return as required by subtitle A of the Code. It was our opinion in Granquist that section 6659(b), as it then read, required that additions assessed pursuant to section 6651 be collected according to the procedures and restrictions required with regard to the collection of deficiencies of income tax. For that reason, it was held that an assessment made under section 6651 could be enjoined for failure to comply with the sections 6212 and 6213 notice requirements.

At the time of the Granquist decision, section 6659(b) by its terms applied only to sections 6651 and 6653. Neither the sections construed nor the reasons relied upon in deciding Granquist v. Hackleman, supra, are applicable to resolving issues raised under section 6672. * * *

Moreover, the *Granquist* holding is no longer applicable to sections 6651 and 6659(b) because Congress amended section 6659(b) at 74 Stat. 132 (1960). The express purpose of the amendment was to nullify the *Granquist* decision.

Accordingly, the respondent's motion to dismiss this case for lack of jurisdiction will be granted and petitioner's petition for an injunction staying collection will be denied.

*An appropriate order will be entered.*